UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RONALD G. GODFREY** | **CIV. ACTION NO. 04-2052** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **AAB AMUSEMENT COMPANY, INC., ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

**RULING**

Pending before the Court is a Motion for Leave to File First Amended Answer ("Motion for Leave") [Doc. No. 44] filed by Defendants AAB Amusement Company, Inc., Brushy Development Corp., and Bryan R. Ashley in the above-referenced matter. Defendants seek leave to add a specific defense to their Answer consistent with the argument in their Motion for Summary Judgment that they meet the requirements of an exemption to the Employee Polygraph Protection Act permitting the use of a polygraph test in the context of an ongoing investigation involving economic loss or injury to the employer's business, such as theft. *See* 29 U.S.C. § 2006(d). Although Defendants contend that the defense is not "affirmative," out of an abundance of caution, they seek leave of Court to amend their Answer.

Plaintiff opposes Defendants' Motion for Leave on the basis that Defendants had ample opportunity to raise this defense and that Defendants have failed to show good cause for an amendment to the pleadings almost six months late.

The Court has found no authority addressing the issue of whether the Section 2006(d) exemption is an "affirmative defense," which may be waived. It is clear that Defendants bear the burden of proving an exemption to the Employee Polygraph Protection Act. *See Polkey v. Transtecs Corp.*, 404 F.3d 1264 (11th Cir. 2005). However, whether or not this defense is affirmative,

Defendants' failure to include the defense in their Answer does not result in a waiver if the "matter is raised in the trial court in a manner that does not result in unfair surprise." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983); *see also Giles v. General Elec. Co.*, 245 F.3d 474, 491-92 (5th Cir. 2001) (quoting same). The Fifth Circuit has explained further that "a defendant does not waive an affirmative defense if he 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Giles*, 245 F.3d at 492 (quoting *Allied*, 695 F.2d at 856).

In this case, Defendants contend that they do not believe the exemption to be an affirmative defense, but have requested leave of court to amend their Answer as a cautionary measure. Given the fact that there is no authority indicating that the exemption is an affirmative defense, Defendants' position is not unreasonable. A review of the depositions of Plaintiff and his former employer, Defendant Ashley, also show that the parties were all well aware of the facts allegedly supporting this defense during the discovery period. Defendants may not have identified the specific exemption under the Employee Polygraph Protection Act in a pleading until their summary judgment was filed, but Plaintiff had sufficient information and knowledge of the basis for the defense prior to that time, so that he is not prejudiced by an amendment to Defendants' Answer.

Under these circumstances, Defendants' Motion for Leave [Doc. No. 44] is GRANTED, and Defendants' First Amended Answer is filed into the record of this matter.

Monroe, Louisiana, this 13th day of September, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2